No. 20663.

Alcove's, Inc., a Colorado corporation *v.* William Pehr, Barnett D. Plotkin, and Larry D. Lamar.

(412 P.2d 469)

Decided December 19, 1966.

Leo T. Zuckerman and Richard M. Kranzler, for plaintiff in error.

J. Everett Newman, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE FRANTZ.

ALCOVE'S, Inc. contracted with Pehr and his associates (hereinafter referred to as the "owners") to install tile floor covering in a building owned by the latter. Subsequent failure of both the tile to adhere and the owners to pay has led to the present controversy.

Two conflicting claims were presented to the court below: first, Alcove's brought suit for the price of materials and their installation under its contracts with Pehr; second, the owners counterclaimed for damages said to flow, in the first instance, from breach of implied warranty of fitness for use, and in the second, from faulty workmanship in installation. The court ruled favorably on both claims, allowing to Alcove's recovery of $1,261.57 and to the owners of $900. Specifically, in reference to the counterclaim, the court found that the tile had been installed in an unworkmanlike manner.

■ This writ of error has been brought solely by Alcove's on the judgment on the counterclaim, the district court's adjudication of Alcove's original claim not being in dispute. Because it was found that there was no reliance by the owners on Alcove's expertness, the implied warranty theory was rejected and it, too, has not been raised on this writ. Finally, regarding those issues not in controversy, the damages as computed and awarded by the trial court have not been challenged. What remains for our determination is the single and narrow question of whether the trial court's finding of unworkmanlike installation is supported by sufficient evidence. We have determined that it is.

■ Authority need not be exhaustively cited to support the proposition that trial court findings of fact based upon conflicting evidence and properly deducible inferences will not be upset by this court. *Cline v. Whitten,* 150 Colo. 179, 372 P.2d 145.

■ Referring to the record on error, we find testimony supporting the court's findings. For example, Mr. Pehr testified that on the first day of installation the tile did not lay flat and that some time elapsed before a roller was applied. Mr. B. Frank Lenon, Jr. testified as an expert that there was no appreciable rolling of the floor and that very little paste held the tile edges. Mr. Elliot, who installed the materials, testified that the job was rolled only with a hand roller and that a large roller was never used on the job. In addition to the foregoing testimony, the court viewed the premises and found ". . . from the evidence and the court's own personal inspection of the premises, that the work was done in an unworkmanlike manner, thereby injuring the Defendants." At the least, this view allowed the court to better assess the testimony and, with only the cold record before us, we cannot gainsay its findings. *Taylor v. Melton*, 130 Colo. 280, 274 P.2d 977; *Medano Ditch Co. v. Adams*, 29 Colo. 317, 68 Pac. 431.

The *Medano* case states this concept of the judge viewing the premises thus:

"At the request of counsel for both sides, the trial judge viewed the premises. Whether or not the knowledge thus obtained should be given the effect of substantive testimony, we do not determine. We must consider, however, that he was thereby better enabled to understand and apply the evidence of the respective parties on the subject under consideration. Our province in reviewing the testimony is to ascertain whether or not the findings of fact are supported by the evidence. If they are, we cannot interfere by substituting our judgment for that of the trial court upon the weight of the evidence in the case."

We find the fact resolutions of the trial court to be supported by sufficient evidence. The judgment accordingly is affirmed.

MR. JUSTICE PRINGLE and MR. JUSTICE SCHAUER concur.